**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SANG H. YI,** Plaintiff, v. **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** Defendant. | **NO. EDCV 15-2270-KS** **MEMORANDUM OPINION AND ORDER** |

**INTRODUCTION**

Plaintiff filed a Complaint on November 4, 2015, seeking review of the denial of his application for supplemental security income ("SSI"). On December 8, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 12-14.) On May 16, 2016, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and ordering the payment of benefits or, in the alternative, remanding for further proceedings. (Joint Stip. at 20.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*See id.* at 21-22.) The Court has taken the matter under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On September 18, 2012, plaintiff, who was born on May 16, 1981, filed an application for SSI.[1] (*See* Administrative Record ("AR") 167.) Plaintiff alleged disability commencing April 14, 2008 due to: bipolar disorder; schizophrenia; multiple personality disorder; schizoid affective disorder; major depressive disorder; metabolic disorder; high blood pressure; and panic disorder. (*Id.* 189.) Plaintiff previously worked as a cremator (DOT 359.685-010); hotel clerk (DOT 238.367-038); cable puller (DOT 829.684-018); fast food worker (DOT 311.472-010); and screen writer (DOT 131.067-050). (*Id.* 31, 190.) After the Commissioner denied plaintiff's applications initially (*id.* 76-87) and on reconsideration (*id.* 88-100), plaintiff requested a hearing (*id.* 118). Administrative Law Judge Alan J. Markiewicz ("ALJ") held a hearing on May 15, 2014 (*id.* 37-75) at which plaintiff, who was represented by counsel, and Sandra Fioretti, a vocational expert ("VE"), testified. (AR 42-70 (plaintiff's testimony), 70-73 (VE's testimony).) On July 18, 2014, the ALJ issued an unfavorable decision, denying plaintiff's application for SSI. (*Id.* 19-32.) On September 9, 2015, the Appeals Council denied plaintiff's request for review. (*Id.* 1-7.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his September 18, 2012 application date. (AR 24.) The ALJ further found that plaintiff had the following severe impairment: schizoaffective disorder. (*Id.*) The ALJ also noted that plaintiff suffered from the medically determinably impairments of hypertension and obesity, but the ALJ found that these impairments were not severe. (*Id*. 24-25.) The ALJ considered whether plaintiff's met or equaled Listing 12.04B or C but concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the

---

[1] Plaintiff was 31 years old on the application date and thus met the agency's definition of a younger person. *See* 20 C.F.R. § 416.963(c).

severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). (*Id.* 25-26.) The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of work but with the following nonexertional limitations: "simple, repetitive tasks; no more than occasional contact with co-workers; and no public contact." (*Id.* 26) The ALJ found that plaintiff was unable to perform his past relevant work as a cremator, hotel clerk, cable puller, fast food worker, and screen writer but was capable of performing jobs that exist in significant numbers in the national economy, including the representative occupations of machine feeder (DOT 699.686-010), industrial cleaner (DOT 381.687-018), and hand packager (DOT 920.587-018). (*Id.* 31-32). Accordingly, the ALJ determined that plaintiff had not been under a disability, as defined in the Social Security Act, from the application date through the date of the ALJ's decision. (*Id*. 32.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v.*

*Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

**DISCUSSION**

Plaintiff alleges the following error: the ALJ failed to properly consider the opinion of the examining physician in determining plaintiff's RFC. (Joint Stip. at 4-9.)

## I. Medical Opinions.

On January 16, 2014, Nenita Belen, M.D., a board certified psychiatrist, examined plaintiff at the request of the Department of Social Services. (AR 369-76.) Plaintiff reported to Dr. Belen that he had heard voices since he was about five or six years old. (*Id.* 372.) Plaintiff described the auditory hallucinations as "mainly good, [they] warn him about things to come and are more protective for him." (*Id.* 374.) Plaintiff also stated that he had experienced several hospitalizations and multiple encounters with law enforcement due to

"emotional problems characterized by hearing voices." (*Id.* 372.) Plaintiff reported that he was being treated with lithium and had been stable for the last couple of months. (*Id.* 373.)

Dr. Belen observed that plaintiff exhibited linear and goal directed thought processes without looseness of associations but some degree of thought insertion. (AR 374.) He exhibited no evidence of visual hallucinations or illusions but "some degree of paranoia and delusions." (*Id.* 374.) Plaintiff exhibited no difficulty maintaining composure, an even temperament, social functioning, focus and attention, and concentration persistence, and pace during the examination. (*Id.* 375.)

Dr. Belen diagnosed plaintiff with "schizoaffective disorder by history" and assessed a GAF score of 55, indicating moderate symptoms or moderate difficulty in social, occupational, or school functioning.[2] (AR 375); *see also* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS ("DSM-IV") 34 (revised 4th ed. 2000). In her narrative report and accompanying checklist, Dr. Belen opined that plaintiff would experience functional limitations that included, *inter alia*:

(1) moderate limitations completing a normal workday or work week;

(2) marked limitations making judgments on simple work-related decisions;

(3) moderate difficulties to be able to perform work activities on a consistent basis without special or additional supervision; and

(4) moderate difficulties to be able to handle the usual stresses, changes, and demands of gainful employment.

(AR 369-70, 374.)

---

[2] The Commissioner has stated that the GAF scale "does not have a direct correlation to the severity requirements in [the] mental disorders listings," 65 Fed. Reg. 50764, 50764-65 (Aug. 21, 2000), and the most recent edition of the DSM "dropped" the GAF scale, citing its lack of conceptual clarity and questionable psychological measurements in practice. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 16 (5th ed. 2012).

State agency reviewing psychologist Junko McWilliams, PhD, similarly opined on July 2, 2013 that plaintiff was moderately limited in his ability to: complete a normal workday and workweek; maintain attention and concentration for extended periods; and perform at a consistent pace. (AR 97.) However, Dr. McWilliams explained that these "concentration and persistence" deficits "do not preclude [plaintiff] from performing the basic mental demands of competitive work on a regular basis." (*Id.* 96-97 (7/2/2013 opinion).) The other reviewing physician, G. Rivera-Miya, M.D., opined on February 26, 2013, that plaintiff was moderately limited in his ability to maintain attention and concentration for extended periods but was not significantly limited in his ability to complete a normal workday and workweek and perform at a consistent pace. (*Id.* 83-84.)

## II. <u>ALJ's Decision.</u>

The ALJ stated that he accorded "significant weight" to Dr. Belen's opinion, as well as to the opinions of the State agency medical consultants. (AR 30.) He stated that "[t]he opinions of all of these physicians are generally consistent in that they all assess that [plaintiff] has moderate difficulties in mental functioning. These opinions are supported by [plaintiff's] longitudinal medical records and by the record as a whole . . . [and] there is no medical source to the contrary." (*Id.* 30.) He added "[Plaintiff's] psychiatric symptoms are minimal and he has only brief hypomanic episodes on a reportedly monthly basis. He has been stable on current medications and he shows improvement with ongoing treatment . . . His activities of daily living are functional, and the evidence of record does not support ongoing marked psychiatric limitations." (*Id.*) Based on those findings, the ALJ concluded that plaintiff could perform "a full range of work . . . but with the following nonexertional limitations: simple, repetitive tasks; no more than occasional contact with co-workers; and no public contact." (*Id.* 26.)

Plaintiff now challenges that ALJ's failure to either adopt or explain his rejection of Dr. Belen's assessment that plaintiff experiences: marked limitations making judgments on simple work-related decisions; moderate difficulties handling the usual stresses, changes, and demands of gainful employment; moderate difficulties performing work activities on a consistent basis without special or additional supervision; and moderate limitations completing a normal workday or work week. (*See* Joint Stip. at 6-7, 16.)

**III. <u>Standard.</u>**

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). When the opinion being rejected belongs to a treating or examining physician and is not contradicted by another medical opinion, the ALJ is required to articulate "clear and convincing" reasons supported by substantial evidence in the record for discounting it. *Hill v. Astrue*, 698 F.3d 1153, 1159-60 (9th Cir. 2012). When a treating or examining physician's opinion is contradicted by another medical opinion, the ALJ is required to articulate "specific and legitimate" reasons supported by substantial evidence for discounting it. *Garrison*, 759 F.3d at 1012; *Hill*, 698 F.3d 1159-60.

Thus, an ALJ errs when he discounts an examining physician's medical opinion, or a portion thereof, "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *See Garrison*, 759 F.3d at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Additionally, "[w]hen there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" in a disability benefits case, the ALJ has an independent "duty to fully and fairly

develop the record and to assure that the claimant's interests are considered." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks and citation omitted).

## IV. Analysis.

Plaintiff identifies four limitations assessed by Dr. Belen that, he alleges, the ALJ omitted without explanation from his RFC assessment. The Court considers each of the four limitations separately.

### A. The ALJ Did Not Err By Omitting From The RFC Plaintiff's Moderate Limitations In Completing A Normal Workday Or Work Week

Dr. Belen opined in her narrative report that plaintiff would have "moderate limitations completing a normal workday or work week" due to his mental condition. (AR 375.) Dr. McWilliams similarly opined that plaintiff would be "moderately limited" in his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms." (*Id.* 96.) However, Dr. McWilliams added that these limitations "do not preclude him from performing the basic mental demands of competitive work on a regular basis." (*Id.* 96.) The ALJ described the two doctors' opinions as "generally consistent" (*id.* 30) but did not include in his RFC assessment any limitations on plaintiff's ability to complete a normal workday or work week (*id.* 26).

Typically, an ALJ errs when he discounts a portion of a medical opinion without articulating a substantive basis for doing so. *See Garrison*, 759 F.3d at 1012-13. However, in this case, the ALJ did not discount a portion of Dr. Belen's opinion. Instead, he accorded "significant weight" to both Dr. Belen's opinion and the opinion of Dr. McWilliams, who opined that the limitations Dr. Belen assessed on plaintiff's concentration and ability to

complete a normal workday or work week "do not preclude [plaintiff] from performing the basic mental demands of competitive work on a regular basis." (AR 96-97.) Because Dr. McWilliams was the only medical source to consider whether plaintiff's moderately limited ability to complete a normal workday and work week would restrict his ability to perform competitive work, the ALJ did not err by adopting Dr. McWilliams uncontroverted opinion on this issue without additional discussion. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174, 1175 (9th Cir. 2008).

In *Stubbs-Danielson*, the Ninth Circuit similarly determined that the ALJ did not err when he neither adopted, nor explained his rationale for discounting, a treating physician's opinion that the plaintiff was "moderately limited in her ability to perform at a consistent pace" because the reviewing physician, as in this case, had assessed the same limitation ("slow pace" in thinking and actions) but concluded that the plaintiff retained the ability to carry out simple tasks despite this deficit. *Stubbs-Danielson*, 539 F.3d at 1171, 1173. The Ninth Circuit explained: "[The treating physician] did not assess whether [the plaintiff] could perform unskilled work on a sustained basis. [The reviewing physician's] report did. [The reviewing physician's] report, which also identified 'a slow pace, both in thinking & actions' and several moderate limitations in other mental areas, ultimately concluded [the plaintiff] retained the ability to 'carry out simple tasks.'" *Id.* at 1173. Thus, the Ninth Circuit held that the ALJ's exclusion of the treating physician's opinion from the RFC assessment did not "constitute a rejection of [the treating physician's] opinion" because the two opinions were consistent, rather than in conflict, with each other, and, further, the ALJ's opinion "explain[ed] the omission of [the treating physician's opinion] . . . by reference to [the reviewing physician's] assessment. *Stubbs-Danielson*, 539 F.3d at 1174, 1175.

\\

\\

\\

\\

**B. The ALJ Erred By Omitting From The RFC Plaintiff's Marked Limitations In Making Judgments On Simple Work-Related Decisions**

On the checklist accompanying her narrative report, Dr. Belen indicated that plaintiff was markedly limited in his ability to make judgments on simple work-related decisions. (AR 369.) However, in response to a similar question, Dr. McWilliams opined that plaintiff was "not significantly limited" in his ability to "make simple work-related decisions." (*Id.* 96.) Thus, Dr. McWilliams' opinion contradicted Dr. Belen's on this issue. The ALJ, however, neither adopted Dr. Belen's more restrictive assessment nor addressed his decision to credit Dr. McWilliams' opinion over Dr. Belen's. (*Id.* 26, 30.) The Commissioner contends that the ALJ's failure to explain his omission of Dr. Belen's opinion from the RFC assessment is not error because checkbox forms are disfavored and Dr. Belen failed to articulate the basis for her opinion. (Joint Stip. at 12.)

Although an ALJ may discount a medical opinion that is conclusory, the Court may not affirm the ALJ's decision based on the Commissioner's *post-hoc* rationalization. *See Orn*, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Bray v. Astrue*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett*, 340 F.3d at 874 ("[W]e cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts."). Further, an ALJ errs when he discounts a medical opinion, or a portion thereof, "while doing nothing more than ignoring it," which is precisely what the ALJ did here. *See Garrison*, 759 F.3d at 1012-13. Accordingly, the ALJ erred in discounting this portion of Dr. Belen's opinion without offering an explanation, and the matter must be remanded for further proceedings on that basis. *See Garrison*, 759 F.3d at 1012-13.

**C. The ALJ Erred By Omitting From The RFC Plaintiff's Moderate Difficulties Performing Work Activities On A Consistent Basis.**

In her narrative report, Dr. Belen indicated that plaintiff "would have moderate difficulties to be able to [sic] perform work activities on a consistent basis without special or additional supervision." (AR 375.) Dr. McWilliams opined that plaintiff was moderately limited in his ability to "perform at a consistent pace without an unreasonable number and length of rest periods." (*Id.* 96.) However, Dr. McWilliams added that these limitations do not preclude plaintiff from performing competitive work on a regular basis. (*Id.*)

Due to the phrasing of the two doctors' opinions, it is unclear whether their opinions on this issue are consistent or can be reconciled. Although it is possible that both doctors believed that they were assessing moderate limitations on plaintiff's *pace*, but it is equally possible that Dr. Belen intended her statement as a reflection on plaintiff's persistence or his ability to engage in employment on a sustained basis. In light of this apparent conflict, the ALJ was not at liberty to credit Dr. McWilliams' opinion without explaining his decision to discount Dr. Belen's. Further, to the extent either opinion is ambiguous, the ALJ has a duty to recontact the medical sources to determine whether their opinions could be reconciled. *See Mayes*, 276 F.3d at 459-60; *Tonapetyan*, 242 F.3d at 1150

The Commissioner contends that the ALJ's error was harmless because "the evidence does not establish further functional limitations than those found by the ALJ." (Joint Stip. at 13.) For support, the ALJ cites the following evidence: plaintiff's speech, demeanor, and appearance at his examination with Dr. Belen, when he exhibited coherent and relevant speech and normal concentration, cognition, and orientation (*id.* at 13 (citing AR 374-75); plaintiff's statements about his academic record, which indicate that, prior to the alleged onset date, plaintiff graduated high school and college and dropped out of law school (Joint Stip. at 13; *see also* AR 398, 410); and plaintiff's history of inconsistent statements to the

ALJ and the medical sources (Joint Stip. at 13 (citing AR 373, 428, 430.) However, this evidence does not establish that the ALJ's failure to consider Dr. Belen's assessment that plaintiff is moderately limited in his ability to perform work activities on a consistent basis was necessarily "inconsequential to the ultimate nondisability determination" or that, regardless of whether the ALJ adopts Dr. Belen's opinion, "the agency's path may reasonably be discerned." *See Brown-Hunter*, 806 F.3d at 492. Accordingly, the ALJ erred in discounting this portion of Dr. Belen's opinion, and the matter must be remanded to allow for further fact-finding by the ALJ on this issue.

**D. The ALJ Erred By Omitting From The RFC Plaintiff's Moderate Difficulties Handling The Usual Stresses, Changes, And Demands Of Gainful Employment**

Finally, Dr. Belen opined in her narrative report that plaintiff "would have moderate difficulties to be able to handle the usual stresses, changes, and demands of gainful employment." (AR 375.) Dr. McWilliams was not asked a question about plaintiff's ability to adapt to the stresses, changes, and demands of gainful employment and did not offer an opinion on this issue. (*See generally id.* 95-97.) However, the other reviewing physician, Dr. Rivera-Miya, opined that plaintiff had "no" "adaptation limitations." (*Id.* 84.) The ALJ did not address the inconsistency between Dr. Rivera-Miya's opinion and Dr. Belen's, broadly referring to the opinions as "generally consistent," and omitted any express adaptation limitation from his RFC assessment. (*Id.* 26, 30.)

The ALJ's unexplained adoption of the reviewing physicians' assessment of plaintiff's adaptation limitations over the contradictory assessment of Dr. Belen constitutes legal error.[3]

---

[3] There is some unpublished case law suggesting that an RFC assessment limiting the plaintiff to simple, repetitive work properly incorporates mental limitations regarding adaptation. *See, e.g.*, *Onate-Ruezga v. Colvin*, No. 1:14-cv-00734-GSA, 2015 WL 5321811, at *8 (E.D. Cal. Sep. 11, 2015) ("As a threshold matter, an ALJ may incorporate a moderate adaptation impairment into an RFC by restricting a plaintiff to simple, routine work."); *Macfarlane v. Colvin*,

*See Garrison*, 759 F.3d at 1012-13. Again, the Commissioner contends that any error is harmless because "the evidence does not establish further functional limitations than those found by the ALJ." (Joint Stip. at 13.) However the evidence cited for this proposition – plaintiff's history of inconsistent statements, his success at school prior to the alleged onset date, and his speech, appearance, and demeanor during his relatively brief examination with Dr. Belen – does not establish that the ALJ's legal error was necessarily "inconsequential to the ultimate nondisability determination" or that, regardless of whether the ALJ adopts Dr. Belen's assessment, "the agency's path may reasonably be discerned." *See Brown-Hunter*, 806 F.3d at 492. Accordingly, the matter must be remanded to allow for further consideration of this portion of Dr. Belen's opinion.

\\

\\

\\

\\

\\

\\

\\

\\

\\

---

No. 2:15-cv-1407-CKD, 2016 WL 1244466, at *4 (E.D. Cal. Mar. 30, 2016). However, the Court does not read *Stubbs-Danielson* as authorizing an ALJ to credit one medical source over the other without articulating a substantive basis for doing so when the two sources disagree about whether the plaintiff has moderate limitations in adaption. *See Garrison*, 759 F.3d at 1012-13 (ALJ may not discount a medical opinion without explanation); *see also Calisti v. Colvin*, No. 1:14-cv-02000-SKO, 2015 WL 7428724, at *9 (E.D. Cal. Nov. 23, 2015) ("[L]ike *Stubbs-Danielson*, the ability to do simple, repetitive work adequately captures moderate deficiencies in certain adaptation abilities where, as here, the examining and non-examining physicians . . . all opined Plaintiff retained the ability to perform simple, routine tasks despite any moderate limitations in adaptation abilities."); *see also Curtin v. Colvin*, No. EDCV 14-2551-JPR, 2016 WL 2642211, at *6 (C.D. Cal. May 9, 2016) ("[A]s in *Stubbs–Danielson*, the ALJ's limitation to 'simple repetitive tasks' in the RFC was consistent with the other restrictions identified in the medical evidence [because,] [a]lthough [the examining physician] opined that plaintiff had moderate limitations in the ability to maintain attention, concentration, persistence, and pace, she nonetheless concluded that plaintiff retained the ability to 'understand, remember, and carry out short, simple instructions.'").

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: October 3, 2016

Karen L. Stevenson
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE